```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

WALTER T. DUNNING,

                Plaintiff,

vs.                     Case No.  2:05-cv-324-FtM-29DNF

BILLIE O'DARIWE, SUE UPMAN and DR.
WINSOR OF PRISON HEALTH SERVICES,

                Defendants.
_____

## OPINION AND ORDER

This matter comes before the Court upon review of Defendants' Motion to Dismiss (Doc. #59).  Plaintiff filed a Response (Doc. #61).  This matter is ripe for review.

Plaintiff, who is proceeding *pro se* and currently in the custody of the Florida Department of Corrections, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 while he was a pre-trial detainee at the Lee County Jail.  (Doc. #1.)  Thereafter, Plaintiff filed an Amended Complaint (Doc. #12), a Second Amended Complaint (Doc. #14) and a Third Amended Complaint (Doc. #26) (hereinafter "Fourth Complaint" or "Complaint") on September 16, 2005.

In pertinent part, the Complaint alleges that Defendants O'Drain,[1] Upman, and Dr. Winsor did not provide Plaintiff adequate medical treatment when they failed to provide Plaintiff with

---

[1] Plaintiff spells this defendants name "O'Dariwe;" however, counsel for the Defendants notes that the correct spelling is "O'Drain." Mot. to Dismiss at 1.

glasses suitable for patients with glaucoma and did not provide him with the "proper medication" for his unidentified breathing condition.[2]  Complaint at 8-9.[3]  The Complaint alleges that one of the Defendants referred Plaintiff to South Florida Eye Centers during his incarceration where he was fitted with frames and lenses suitable for his glaucoma.  In spite of Plaintiff's visit with the eye center, the Defendants did not provide Plaintiff with glasses. Id. at 9.  Plaintiff's eye condition has caused blindness in one eye and the glasses are necessary to reduce the glare that bothers his eye.  Id. at 8.  The Complaint also alleges, albeit vaguely, that the Defendants denied Plaintiff proper medical care for his lungs.  Id. at 9.  The only factual averments contained in the Fourth Complaint concerning Plaintiff's lungs are that the Defendants did not provide Plaintiff with "proper breathing medication."  Id.  As a remedy, Plaintiff seeks injunctive relief. Specifically, Plaintiff requests that the Court grant him "adequate

---

[2] At the time Plaintiff filed his Complaint, Plaintiff was a pre-trial detainee at the Lee County Jail.  Thus, Plaintiff's rights arise from the Fourteenth Amendment, but the case law developed with regard to the Eighth Amendment prohibitions against cruel and unusual punishment is analogous. Cook *ex. rel* Estate of Tessier v. Sheriff of Monroe County, Fla., 402 F.3d 1092, 1115 (11th Cir. 1985); See also Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985) (noting that "In regard to providing pretrial detainees with such basic necessities as food, living space, and medical care, the minimum standard allowed by the due process clause is the same as that allowed by the Eighth Amendment for convicted persons.").

[3] The page numbers referenced herein refer to the pages on the Court's CM/ECF since Plaintiff inserts additional pages into the Complaint, thus making the numbers on the form incorrect.

medical care from Prison Health Services by providing glasses with tinted lense[s]" . . . and "to provide ad[equate] medication for breathing." Id. at 12.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). To satisfy the pleading requirements of Fed. R. Civ. P. 8, a complaint must simply give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Dura Pharms., Inc. v. Broudo, 125 S. Ct. 1627, 1634 (2005). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." See Bell Atlantic Corp. v. Twombly, ____ U.S. _____, 127 S. Ct. 1955, 1965, 1968-69 (2007) (citations omitted) (abrogating Conley v. Gibson, 355 U.S. 41 (1957) and stating that Conley did not set forth the minimum standard governing a complaint's survival under a motion to dismiss, rather the case "described the breadth of opportunity to prove what an adequate complaint claims"). With respect to § 1983 cases that involve individuals entitled to assert qualified immunity, the Eleventh Circuit imposes "heightened pleading requirements." Swann v. Southern Health Partners, Inc., 388 F.3d 834 (11th Cir. 2004)(citing Leatherman v. Tarrant County, 507 U.S. 163 (1993)). The heightened pleading standard is not otherwise

applicable. The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004). Dismissal is warranted however if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d 1002, 1009-10 (11th Cir. 1992). The Court need not accept unsupported conclusions of law or of mixed law and fact in a complaint. Marsh, 268 F.3d at 1036 n.16.

Defendants raise the following arguments in their Motion to Dismiss: Plaintiff failed to exhaust his administrative remedies and alternatively the Complaint for injunctive relief is moot. Mot. to Dismiss at 1. Although Plaintiff indicates on the Complaint form that he exhausted his administrative remedies, Defendants argue that Plaintiff failed to exhaust his administrative remedies because he did not "specifically describe the steps taken to fulfill his obligation" on the Complaint and the Complaint served on the Defendants did not include any of Plaintiff's grievance forms. Id. at 4. Additionally, Defendants contend that the Complaint for injunctive relief is moot since Plaintiff was transferred from the Lee County Jail to the custody of the Florida Department of Corrections in July, 2006, and will remain in the state's custody until March, 2010. Id. at 4. In

-4-

Response, Plaintiff "contests the dismissal" and requests that the Court permit his case to proceed before a jury. Response at 1.

The Court agrees with the Defendants that the Complaint is moot and shall be dismissed. Based on the foregoing, the Court will not address Defendant's exhaustion argument. Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S.C.A. Const. Art. III. Mootness can occur due to a change in circumstances or a change in law. Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320 (11th Cir. 2004). A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276 (11th Cir. 2004); Christian Coalition of Ala. v. Cole, 355 F. 3d 1288 (11th Cir. 2004); Crown Media LLC v. Gwinnett County, Ga., 380 F.3d 1317 (11th Cir. 2004). Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits would be an impermissible advisory opinion." Troiano, 382 F.3d at 1282 (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). As noted by the Supreme Court, "[t]he requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Arizonans for Official English v. Arizona, 520 U.S.

43, 68 (1997) (citations omitted). The Eleventh Circuit Court of Appeals has held that any claims concerning the conditions of an inmate's confinement made by an inmate requesting injunctive relief become moot once the prisoner is transferred to another facility. Spears v. Thigpen, 846 F.2d 1327 (11th Cir. 1988), cert. denied, 488 U.S. 1046 (1989). See also Green v. Branson, 108 F.3d 1296 (10th Cir. 1997); Daring v. Cancel, 783 F.2d 874 (9th Cir. 1986); Stewart v. McGinnis, 800 F. Supp. 604 (N.D. Ill. 1992), aff'd, 5 F.3d 1031 (7th Cir. 1993).

A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review." De La Teja v. United States, 321 F.3d 1357 (11th Cir. 2003); Brooks v. Georgia State Bd. of Elections, 59 F.3d 1114 (11th Cir. 1995). Two conditions must be met to invoke this doctrine: 1) the challenged action must be of a short duration to be fully litigated; and 2) there exists a reasonable expectation that the same complaining party would be subjected to the same action again. Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004). A "remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time." Soliman v. United States ex. rel. INS, 296 F.3d 1237, 1243 (11th Cir. 2002)(quotations omitted).

Plaintiff is no longer in the custody of the Lee County Jail, where he initiated this action, and has been transferred to the

custody of the Florida Department of Corrections.  As Defendants note, Plaintiff will remain in the custody of the Florida Department of Corrections until approximately March, 2010.  Thus, the various forms of injunctive relief requested by Plaintiff cannot be provided by Defendants at this time because Plaintiff is no longer in their custody.  The Court finds that Plaintiff's release from the Lee County Jail to the Florida Department of Corrections moots Plaintiff's claims for injunctive relief.  <u>E.g.</u> <u>Boxer X v. Donald</u>, 169 Fed. Appx. 555, 559 (11th Cir. 2006).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  Defendants' Motion to Dismiss (Doc. #59) is **GRANTED** and Plaintiff's Complaint is **dismissed** without prejudice.

2.  The Clerk of Court shall terminate any pending motions; enter judgment accordingly, and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __18th__ day of June, 2007.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record